JOSEPH WIT, SR., APPELLANT, v. JOSEPH WIT, JR., ET AL., APPELLEES.

FILED MARCH 13, 1920. No. 20929.

**Deeds:** SETTING ASIDE. A deed by parents to a son, made in part in consideration of money paid and in part for future work and labor to be performed and for certain specified commercial articles to be furnished, such work and labor not being peculiarly personal nor arising out of the relation of parent and child, cannot be set aside for partial failure of performance by the grantee.

APPEAL from the district court for Saline county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Rolland F. Ireland,* for appellant.

*Bartos & Bartos, contra.*

DEAN, J.

The plaintiff, Joseph Wit, Sr., sued for the cancelation of a deed to defendant Joseph Wit, Jr., his son, and for the cancelation of a contract that provided for certain work to be performed in the future and commodities to be furnished from time to time by defendant as consideration for the conveyance, and also for the cancelation of a $3,000 mortgage on the land described in the deed that was given by defendant to the plaintiff, upon repayment to defendant of certain money paid thereon. The mortgage was also given as part consideration for the land. Defendants' general demurrer was sustained, and, plaintiff refusing to plead further, the action was dismissed. Plaintiff appealed.

Plaintiff alleged that on February 21, 1906, being then 60 years of age, he divided the bulk of his land among his three adult sons by giving to each of them, respectively, certain deeds of conveyance. There is no controversy except in respect of the conveyance to Joseph Wit, Jr., to whom was deeded 240 acres. The grantee gave his father a $3,000 mortgage on the land so conveyed, with deferred interest bearing payments, and also entered into the contract in suit, all the instruments being a part of the same transaction and all duly recorded.

The contract provided generally that as part consideration for the conveyance of the land he agreed with grantors "to do and perform for them annually, all the necessary farm work, such as plowing, seeding, cultivating, hauling of manure, mowing of meadow, stacking of hay, and properly harvesting and husking and shelling and delivering to mill or market or bins," such work to be done on plaintiff's 80-acre tract on which grantors lived and so long as they lived. It was also provided that defendant would furnish free of charge "all teams, machinery and hired help necessary to successfully carry on such farm work," and that he would furnish annually to his parents "all the hay they may need and have use of for their live stock kept by them on said farm, and to furnish annual pasture for their six head of cattle on his farm, and to do all necessary hauling of all the necessaries of life, including fuel."

Plaintiff alleged that defendant failed to comply with the conditions of the contract in that he did not, for 1915, 1916 and 1917, furnish his parents with "any support, maintenance, necessities or comforts of life," and that, plaintiff and his wife having been so "deprived of a part of their maintenance and support and necessities of life, * * * plaintiff is entitled to have said deed canceled, * *. * in order that this plaintiff and his said wife may in the future be provided with their maintenance and support and the necessities of life."

The contract in question makes no provision for support and maintenance, nor for personal services of any sort. The necessary farm work and the hauling that are specifically mentioned can all be performed by help hired for that purpose. In fact, the contract plainly provides that defendant shall furnish "all teams, machinery and hired help necessary to successfully carry on such farm work." The commodities referred to in the contract and the pasturage are purchasable in any farming community. The contract does not require the personal attention of any particular person for any particular or designated purpose. It appears to be a bargain and sale contract, and defendant can be made to respond in an action at law, which affords an adequate remedy, for any violation of its terms.

It is incumbent on the court to construe the contract as made by the parties. We cannot make a contract for them. Plaintiff places a construction on the contract in suit that does not seem to find support in that instrument. In the cases cited in support of his argument the contracts between the parent and the child, there under discussion, provide generally for services to be rendered by the child to the parent that are peculiarly personal in their nature in that they arise out of the relation of the parties, such as proper care in case of sickness and for medical attention, personal support and maintenance, and the like. But that situation does not appear in the present case.

The distinction between a deed that is made in consideration of future support of the grantor and a deed of bargain and sale is pointed out in the second paragraph of the syllabus in *Russell v. Robbins*, 247 Ill. 510: "A deed made in consideration of the future support of the grantor is distinguished from an ordinary deed of bargain and sale in that the grantor parts with his property in consideration of future support, which a court of equity cannot compel the grantee to furnish

and a court of law cannot make good in case the grantee violates his agreements."

In the present case fraud is·not charged, nor does it appear that the conveyance was procured by undue influence. The contract is of record, and defendant cannot escape his legal liability thereunder.

The judgment is

AFFIRMED.

MORRISSEY, C. J., and LETTON, J., not sitting.